# UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF INDIANA
## NEW ALBANY DIVISION

BRANDON REYNOLDS, )
)
        Plaintiff, )
)
vs. ) Case No.:
)
RONALD LEWIS AND EQUITY )
TRANSPORTATION CO., INC., )
)
        Defendants. )

## **DEFENDANTS' PETITION OF REMOVAL**

Defendants, **RONALD LEWIS AND EQUITY TRANSPORTATION CO., INC. (hereinafter "the Defendants")**, by counsel, Edward W. Hearn, and T. Matthew Frost of **JOHNSON & BELL, P.C.**, pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, hereby file this Petition of Removal on the following grounds:

1. Plaintiff, Brandon Reynolds, commenced this suit in the Jackson County Superior Court under cause number 36D01-2002-CT-000024.

2. Plaintiffs' Complaint is file-stamped February 26, 2020. Defendant Equity Transportation was served with a copy of the Complaint and Summons on or about March 5, 2020 by certified mail. Defendant Ronald Lewis was served with a copy of the Complaint and Summons on or about March 6, 2020 by certified mail. A true and correct copy of the Complaint is attached hereto and made a part of this Notice of Removal as "Exhibit 1."

3. Pursuant to 28 U.S.C. § 1446(b), this Notice of Removal is timely filed within thirty (30) days of service of Plaintiffs' Complaint by Defendant.

4. On March 24, 2020, Defendants ascertained whether this case was one which would be removable, and thereafter, Plaintiffs' attorney refused to stipulate that Plaintiffs' recovery would not exceed seventy-five thousand dollars ($75,000.00). This notice is filed within thirty (30) days of receipt of the Plaintiff's refusal. A copy of Plaintiff's counsel's refusal to stipulate to damages less than $75,000.00 is attached hereto and incorporated by reference as "Exhibit 2."

## DIVERSITY JURISDICTION

5. This matter is properly removable pursuant to 28 U.S.C. §§ 1332, 1441 and 1446, as this Court has jurisdiction over this case based on diversity of citizenship of the parties.

6. Plaintiff, Brandon Reynolds, was, at the time of the filing of the Complaint, and still is a citizen of Indiana.

7. Defendant, Equity Transportation Co., Inc., was at the time of the filing of the Complaint and still is a Domestic Profit Corporation registered in Michigan. The principle place of business of Equity Transportation Co., Inc. was at the time of the filing of the complaint and still is Walker, Michigan. These two facts cause Equity Transportation Co., Inc. to be considered a citizen of Michigan for purposes of this removal petition.

8. Defendant, Ronald Lewis was at the time of the filing of the Complaint and still is a citizen of Georgia.

9. Since Plaintiff and Defendants are citizens of different states, there is complete diversity of citizenship pursuant to 28 U.S.C. § 1332(a).

10. In an effort to determine the amount in controversy, Defendants served a request for a stipulation that the amount in controversy was less than seventy-five thousand dollars ($75,000.00) upon Plaintiffs' counsel, Nathan Foushee.

11. On or about March 24, 2020, counsel for the Plaintiff refused to agree to Defendants' Request for Stipulation. See "Exhibit 2."

12. The Seventh Circuit has held that, if a plaintiff really wants to prevent removal, they should stipulate to damages not exceeding the $75,000.00 jurisdictional limit. *Oshana v. Coca-Cola Co.*, 472 F.3d 506, 511 (7th Cir. 2006). Litigants, who want to prevent removal, must file a binding stipulation or affidavit with their complaints. *Id.* at 512. A stipulation will have the same effect as a statute that limits a Plaintiff to the recovery sought in the complaint. *Id.* In *Oshana,* the Seventh Circuit determined that Plaintiff's refusal to admit that the recovery would not exceed $75,000.00 raised the reasonable inference that it would exceed $75,000.00. *Id.* at 512.

13. Although Defendant denies the material allegations of Plaintiffs' Complaint, based upon information contained in the Complaint and Plaintiffs' refusal to enter into a stipulation limiting damages to less than $75,000.00, there is a reasonable probability that the amount in controversy exceeds the seventy-five thousand dollar ($75,000.00) jurisdictional amount, exclusive of interests and costs.

14. This Court has original jurisdiction over the underlying state court case pursuant to 28 U.S.C. Section §1332(a). Therefore, this action may be removed pursuant

to 28 U.S.C. §§ 1441 and 1446 since the matter in controversy exceeds the sum of seventy-five thousand dollars ($75,000.00), exclusive of costs and interest, and is between citizens of different states.

15. Defendant has filed this Notice of Removal within thirty (30) days of the service of Plaintiff's Complaint.

**SERVICE AND FILING OF THIS NOTICE OF REMOVAL**

16. Upon filing this Notice for Removal, Defendants, Ronald Lewis and Equity Transportation Co., Inc. will give written notice of the filing of this Petition for Removal to all attorneys of record and the Clerk of the Jackson Superior Court.

20. Defendant demands a jury trial on all triable issues.

WHEREFORE, Defendants, Ronald Lewis and Equity Transportation Co., Inc., by counsel, respectfully request that this action be removed from the Jackson Superior Court for Jackson County, Indiana, into and under the jurisdiction of this United States District Court for the Southern District of Indiana, New Albany Division, based on this Court's diversity jurisdiction.

Respectfully submitted,

**JOHNSON & BELL, P.C.**

By: /s/ *Edward W. Hearn*
Edward W. Hearn, #18691-64
T. Matthew Frost, #16039-53
11501 Broadway, Ste. B
Crown Point, IN 46307
219/791-1900
hearne@jbltd.com
frostm@jbltd.com
*Attorneys for Defendant*

## **CERTIFICATE OF SERVICE**

I hereby certify that on the 2nd day of April, 2020, I have electronically filed the foregoing with the Clerk of the Court using CM/ECF system which sent notification of such filing to all counsel of record.:

Nathan D. Foushee, Esq.
Ken Nunn Law Office
104 South Franklin Road
Bloomington, Indiana 47404
nathanf@kennunn.com

*/s/Edward W. Hearn*